UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KENNETH MOORE, | Case No. 2:23-cv-10974 |
| *Plaintiff,* | David M. Lawson<br>United States District Judge |
| v. | Patricia T. Morris<br>United States Magistrate Judge |
| J. GUASTELLA and LUCKETT, | |
| *Defendants.* | |

_____/

## ORDER DENYING MOTION TO APPOINT COUNSEL (ECF No. 20)

Kenneth Moore filed this 42 U.S.C. § 1983 action pro se and has now moved for appointment of counsel. Although federal district courts have discretion under 28 U.S.C. § 1915(e)(1) to "request an attorney to represent any person unable to afford counsel," there is no constitutional right to court-appointed counsel in a civil case. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Abdur-Rahman v. Michigan Dep't of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995). The decision rests in the district court's discretion and will be overturned only if it impinges fundamental due process rights and amounts to an abuse of discretion. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992); *see also Richmond v. Settles*, 450 F. App'x 448, 452 (6th Cir. 2011).

1

The appointment of counsel is only justified by exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). In determining whether exceptional circumstances are present, the court must consider the "nature of the case," the complexity of the factual and legal issues involved, and the plaintiffs' ability to represent themselves. *Id.* at 606; *see also Shavers v. Bergh*, 516 F. App'x 568, 571 (6th Cir. 2013); *Garrison v. Michigan Dep't of Corrections*, 333 F. App'x 914, 917–18 (6th Cir. 2009). The complexity of the case and the plaintiffs' ability to handle it are "separate and distinct considerations." *Kensu v. Rapelje*, No. 12-11877, 2014 WL 585328, at *2 (E.D. Mich. Feb. 14, 2014). For example, plaintiffs' prior *pro se* experience is relevant to their ability to manage their current cases. *Id.*

Courts may decline to appoint counsel where a case has not progressed far enough to assess its merits. *See, e.g.*, *Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (upholding denial where the magistrate judge thought "it was too early to assess the merits of the claim"). Nonetheless, a plaintiff "is not entitled to the appointment of counsel merely because his case may proceed to trial." *Gresham v. Granholm*, No. 2:09-cv-231, 2012 WL 3126781, at *5 (W.D. Mich. July 31, 2012) (citing *Lince v. Youngert*, 136 F. App'x 779, 782–83 (6th Cir. 2005)); *see also Zibbell v. Marquette Cnty. Res. Mgmt.*, No. 2:12-cv-302, 2013 WL 625062, at *13 (W.D. Mich. Feb. 20, 2013) (noting that the procedural posture of case is a consideration).

Moore first moved for appointment of counsel in November 2023, about two weeks after the Court entered a scheduling order setting deadlines for discovery and dispositive motion practice. (ECF No. 15, PageID.60–62; ECF No. 16). The Court denied Moore's motion, reasoning that the "factual" and "legal" issues were not "complex," that Moore demonstrated the ability to "clearly state his claims," and that the case was "at an early stage." (ECF No. 17, PageID.69). Yet the Court allowed Moore to renew his motion if he could "demonstrate a change in circumstances that would necessitate the assistance of counsel." (*Id.*)

Moore argues that such a change in circumstances has occurred. He explains that he "was released on parole" in February, and as a result, he no longer has access to a "jail house lawyer"—a fellow inmate—on whom he had been "total[ly]" reliant up to that point. (ECF No. 20, PageID.84 (internal quotation marks omitted)). But just as Moore is not entitled to counsel, he is not entitled to the aid of a legal writer. *Galloway v. Horton*, No. 17-11089, 2018 WL 4539024, at *2 (E.D. Mich. Sept. 21, 2018) (citing *Taylor v. McKee*, 649 F.3d 446, 452–453 (6th Cir. 2011)). Thus, his inability to solicit the aid of a "jailhouse lawyer," is not by itself an exceptional circumstance that warrants the appointment of pro bono counsel. *Cf. Jones v. Taylor*, No. 21-4243, 2023 WL 4681050, at *1 (C.D. Cal. Feb. 8, 2023). Further, the Court still does not find the legal and factual issues presented to be complex, and

3

the case remains at an early stage of litigation as no party has yet filed dispositive motions.

Accordingly, **IT IS ORDERED** that Moore's Motion for Appointment of Counsel (ECF No. 20) is **DENIED WITHOUT PREJUDICE**. Moore may again request appointment of counsel if he can demonstrate a change in circumstances that would necessitate the assistance of counsel.

Date: March 20, 2024            S/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge