UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KENNETH MOORE, | Case No. 2:23-cv-10974 |
| *Plaintiff,* | David M. Lawson<br>United States District Judge |
| v. | |
| J. GUASTELLA and LUCKETT, | Patricia T. Morris<br>United States Magistrate Judge |
| *Defendants.* | |

## ORDER ON PLAINTIFFS' MOTIONS AND OTHER FILINGS
## (ECF Nos. 26, 37, 41, 42, 43)

**I.     Background**

Kenneth Moore, proceeding *pro se*, was incarcerated at the time he filed this 42 U.S.C. § 1983 action alleging that defendants were deliberately indifferent in violation of his rights under the Eighth Amendment. (ECF No. 1). This Order will resolve the following filings that Moore has made over the last several months: (1) motion for change of address and appointment of counsel (ECF No. 26); (2) request for the appointment of counsel (ECF No. 37); (3) request to present claims in open

1

court (ECF No. 41); and (4) notice of defendants' failure to file media exhibit and notice of change of address (ECF Nos. 42, 43).[1]

## II. Change of Address

Since filing his complaint, Moore has been released from prison and has diligently provided the Court with his updated address on multiple occasions. As of his most recent filings, which were entered on July 12, 2024, Moore says that his address is 910 Bates St. S.E. Grand Rapids, MI 49506. (ECF Nos. 42, 43). The docket has already been updated to reflect this change of address, and nothing more needs to be done at this time.

## III. Appointment of Counsel

Moore has requested the appointment of counsel on at least four occasions. Most recently on March 21, 2024, and April 25, 2024. (ECF Nos. 26, 37). As explained below, Moore's requests for the appointment of counsel will be DENIED WITHOUT PREJUDICE.

Although federal district courts have discretion under 28 U.S.C. § 1915(e)(1) to "request an attorney to represent any person unable to afford counsel," there is no constitutional right to court-appointed counsel in a civil case. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Abdur-Rahman v. Michigan Dep't of Corr.*, 65 F.3d

---

[1] The Court construes ECF No. 37 as a motion for the appointment of counsel and ECF No. 41 as a motion requesting oral argument.

489, 492 (6th Cir. 1995). The decision rests in the district court's discretion and will be overturned only if it impinges fundamental due process rights and amounts to an abuse of discretion. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992); *see also Richmond v. Settles*, 450 F. App'x 448, 452 (6th Cir. 2011).

The appointment of counsel is only justified by exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). In determining whether exceptional circumstances are present, the court must consider the "nature of the case," the complexity of the factual and legal issues involved, and the plaintiff's ability to represent themselves. *Id.* at 606; *see also Shavers v. Bergh*, 516 F. App'x 568, 571 (6th Cir. 2013); *Garrison v. Michigan Dep't of Corr.*, 333 F. App'x 914, 917–18 (6th Cir. 2009). The complexity of the case and the plaintiff's ability to handle it are "separate and distinct considerations." *Kensu v. Rapelje*, No. 12-11877, 2014 WL 585328, at *2 (E.D. Mich. Feb. 14, 2014). For example, the plaintiff's prior *pro se* experience is relevant to their ability to manage their current cases. *Id.*

Courts may decline to appoint counsel where a case has not progressed far enough to assess its merits. *See, e.g.*, *Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (upholding denial where the magistrate judge thought "it was too early to assess the merits of the claim"). Nonetheless, a plaintiff "is not entitled to the appointment of counsel merely because his case may proceed to trial." *Gresham v. Granholm*, No. 2:09-cv-231, 2012 WL 3126781, at *5 (W.D. Mich. July 31, 2012)

3

(citing *Lince v. Youngert*, 136 F. App'x 779, 782–83 (6th Cir. 2005)); *see also Zibbell v. Marquette Cnty. Res. Mgmt.*, No. 2:12-cv-302, 2013 WL 625062, at *13 (W.D. Mich. Feb. 20, 2013) (noting that the procedural posture of case is a consideration).

Moore first moved for appointment of counsel in November 2023, about two weeks after the Court entered a scheduling order setting deadlines for discovery and dispositive motion practice. (ECF No. 15, PageID.60–62; ECF No. 16). The Court denied Moore's motion, reasoning that the "factual" and "legal" issues were not "complex," that Moore demonstrated the ability to "clearly state his claims," and that the case was "at an early stage." (ECF No. 17, PageID.69). Yet the Court allowed Moore to renew his motion if he could "demonstrate a change in circumstances that would necessitate the assistance of counsel." (*Id.*).

Moore moved for counsel for a second time on March 11, 2024. (ECF No. 20). In that motion, he argued

> that such a change in circumstances ha[d] occurred. He explain[ed] that he "was released on parole" in February, and as a result, he no longer ha[d] access to a "jail house lawyer"—a fellow inmate—on whom he had been "total[ly]" reliant up to that point. (ECF No. 20, PageID.84 (internal quotation marks omitted)).

(ECF No. 25, PageID.89). In denying his motion, the Court explained that

> just as Moore is not entitled to counsel, he is not entitled to the aid of a legal writer. *Galloway v. Horton*, No. 17-11089, 2018 WL 4539024, at *2 (E.D. Mich. Sept. 21, 2018) (citing *Taylor v. McKee*, 649 F.3d 446, 452–453 (6th Cir. 2011)). Thus, his inability to solicit the aid of a

4

> "jailhouse lawyer," is not by itself an exceptional circumstance that warrants the appointment of pro bono counsel. *Cf. Jones v. Taylor*, No. 21-4243, 2023 WL 4681050, at *1 (C.D. Cal. Feb. 8, 2023). Further, the Court still does not find the legal and factual issues presented to be complex, and the case remains at an early stage of litigation as no party has yet filed dispositive motions.

(*Id.* at 89–90).

While dispositive motions have now been filed, the Court nonetheless continues to find that the circumstances of the case do not warrant the appointment of counsel. Moore has been able to express himself clearly to the Court in each of his filings. Further, both his and defendants' motions for summary judgment are briefed, meaning there is no additional work for an attorney to do while the Court considers the pending motions. Until the Court rules on the pending motions for summary judgment, Moore need not worry about how to present his case at trial. If Moore's case survives summary judgment, he may file a new motion for the appointment of counsel; however, the Court will not consider appointing counsel until that time.

**IV. Motion for Oral Argument**

On May 6, 2024, Moore requested the opportunity to present and argue his case in open court. (ECF No. 41). The Court construes this filing as a motion for oral argument on the pending motions for summary judgment.

Eastern District of Michigan Local Rule 7.1(f) provides the following:

5

    (1)   The court will not hold a hearing on a motion for rehearing or reconsideration, a motion for reduction of sentence, or a motion in a civil case where a person is in custody unless the judge orders a hearing.

    (2)   The court will hold a hearing on all other motions unless the judge orders submission and determination without hearing.

    (3)   The motion must be filed with the clerk, who will forward it to the assigned judge. The judge will set or cause to be set a date for hearing with notice to the parties and other persons entitled to be heard on the motion. Inquiries regarding time of hearing may be directed to the judge's chambers.

Moore filed this case when he was incarcerated, and thus under Local Rule 7.1(f)(1), neither a hearing nor a notice of determination without hearing was necessary for any motions filed while Moore was in custody. *See Jenkins v. Michigan Dep't of Corr.*, No. 5:14–cv–11812, 2015 WL 1194961, at *2 (E.D. Mich. Mar. 16, 2015) (relying on Local Rule 7.1(f)(1) to recommend that the plaintiff's request for a hearing be denied because he was in custody), *report and recommendation adopted*, 2015 WL 3522564 (E.D. Mich. June 4, 2015).

While Moore says he is now on parole and thus no longer in custody, the Court nonetheless believes that the motions for summary judgment "can be decided on the briefing and [that] a hearing on this matter is unnecessary." *Id.*; *see also Young v. Ream*, No. 19-10729, 2021 WL 6009704, at *1 n.1 (E.D. Mich. Dec. 1, 2021) ("Generally speaking, the Court will not hold a hearing on a motion in a civil case in which a party is in custody. *See* E.D. Mich. LR 7.1.(f). Here, the Court finds that

6

the facts and legal issues are adequately presented in the briefs and on the record and declines to order a hearing at this time."), *report and recommendation adopted*, 2022 WL 2276328 (E.D. Mich. June 23, 2022). Accordingly, Moore's request for oral argument is DENIED.

## V. Filing of Media Exhibit

On July 12, 2024, two filings that appear to be identical were entered. (ECF Nos. 42, 43). In these filings, Moore says that defendants failed to resubmit a media file (Exhibit F to defendants' motion for summary judgment) in violation of the Court's April 25, 2024 order (ECF No. 36) that defendants do so in accordance with the Local Rules. However, defendants have properly resubmitted the media file, as reflected in the Court's April 26, 2024 text-only order confirming receipt of the media file. Thus, defendants have complied with the Court's April 25, 2024 order.

## VI. Conclusion

Accordingly, **IT IS ORDERED** that Moore's motions for the appointment of counsel (ECF Nos. 26, 37) are **DENIED WITHOUT PREJUDICE**. Moore may file a new motion for the appointment of counsel *if* any claims survive summary judgment.

Moore's motion for oral argument (ECF No. 41) is **DENIED**.

Further, all other requests made in Moore's filings (ECF Nos. 26, 37, 41, 42, 43) are now **RESOLVED**.

7

Date: August 28, 2024                           S/ PATRICIA T. MORRIS
                                                Patricia T. Morris
                                                United States Magistrate Judge

8