UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH MOORE,

        Plaintiff,         Case Number 23-10974
v.        Honorable David M. Lawson
        Magistrate Judge Patricia T. Morris
J. GUASTELLA and DEON LUCKETT,

        Defendants.
_____/

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DISMISSING COMPLAINT WITH PREJUDICE**

Plaintiff Kenneth Moore, a former Michigan prisoner, filed a complaint alleging that his constitutional rights were violated when, while he was incarcerated at a Michigan prison, another inmate attacked him in a common area. He has sued J. Guastella, a unit chief, and Deon Luckett, a corrections officer. The case was referred to Magistrate Judge Patricia T. Morris for pretrial management. Thereafter, the plaintiff and the defendants filed cross-motions for summary judgment. On September 19, 2024, Judge Morris filed a report recommending that the defendants' motion be granted, the plaintiff's motion be denied, and the case be dismissed. The plaintiff filed timely objections to the report and recommendation, and the matter is before the Court for fresh review.

I.

Moore formerly was an inmate at the State of Michigan's Woodland Correctional Facility, which is an institution primarily devoted to housing prisoners who have mental health problems. While he was in a prison common area one evening, Moore was attacked by another inmate. The attack occurred during an approximately 30-second time frame and was captured by surveillance

video. The attack began shortly after timestamp 0:50 on the video, where Moore is seen entering the common area where several other inmates and officers were present. Moore immediately was approached by another inmate who struck up a conversation. While Moore was occupied by that interaction (at timestamp 01:04) a third inmate, Daniel Burch, walked behind Moore and struck him in the head. Burch continued the assault, hitting Moore several more times. Several seconds after the first contact by Burch (01:10), Corrections Officer Mathis Masasabi sprinted across the common area and tackled Burch. Moments later, another corrections officer, defendant Deon Luckett, ran to assist and helped Masasabi subdue Burch (01:16). The entire incident lasted around 26 seconds from Moore's entry to Burch being subdued and removed.

Moore says that the defendant jail officials should have anticipated the attack because Burch had been convicted of murder, and several weeks before the incident he had attacked another inmate. Burch was transferred to the Woodland facility so he could be placed in mental health programming, and a treatment plan was developed that called for him to be placed in restraints. The record does not disclose details about how Burch was to be "restrained," but Burch recently had been allowed to regain his usual liberties after he began "displaying more controlled behavior," and was compliant with sanctions imposed as a result of prior misconduct.

Defendant Janine Guastella is a Qualified Mental Health Professional who was employed as a Unit Chief at the Woodland prison around the time of the incident. Janine Guastella decl. ¶ 3, ECF No. 28-2, PageID.144. According to her declaration, Guastella held a supervisory role and was not involved in creating individual treatment plans, which are developed by a team of prison staff including mental health treaters and corrections officers. *Id.* ¶ 4, PageID.145. Guastella attested that before the assault incident, the team handling Burch's treatment unanimously agreed that it was prudent to free Burch from restraints, due to his display of "more controlled behavior,"

and because he "had fulfilled the consequences imposed for any prior negative behavior." *Id.* ¶¶ 5-8, PageID.145. Guastella observed that it would not be sound as a matter of mental health rehabilitation, nor would it be "legally acceptable," to keep a prisoner in restraints indefinitely. *Id.* ¶ 6. Guastella also mentioned that Moore had not previously reported having any problems with Burch and had not made any request for protection from Burch, and there were no other indications of potential conflicts between Moore and Burch. *Id.* ¶ 9-10.

Defendant Luckett attested that he responded to the attack immediately when it occurred, and that he "had no prior knowledge that prisoner Burch would attack Plaintiff." Deon Luckett decl. ¶¶ 6-7, ECF No. 28-4, PageID.159.

Moore alleges in his complaint that Guastella's and Luckett's failure to protect him from the assault by Burch constituted deliberate indifference to his safety in violation of the Eighth Amendment. The parties engaged in discovery, and the defendants filed a motion for summary judgment, which the magistrate judge suggested also subsumed an apparent challenge to the sufficiency of the pleadings under Civil Rule 12(b)(6). In their motion, the defendants argued that any failure by them to prevent the attack by Burch did not violate the Eighth Amendment, and even if constitutional missteps occurred, they are entitled to qualified immunity. The day before, Moore filed his own motion for summary judgment, which the magistrate judge characterized as "preemptive" of the defendants' then-anticipated motion, asking for relief in his favor. The defendants' motion was supported by an evidentiary record including declarations by Guastella and Luckett, and prison incident reports pertaining to the assault. The plaintiff did not submit any additional evidentiary materials with his combined opposition and motion.

After discussing the elements of an Eighth Amendment claim for the denial of "basic human needs," such as reasonable safety, the magistrate judge concluded that Moore failed to

present sufficient evidence that there was a "substantial risk" that he would suffer injury, even though Burch had struck another inmate around a month before attacking the plaintiff. She reasoned that evidence of Burch's earlier assault was not enough to prove that an attack on Moore was "a near certainty" when Burch was unrestrained. She also found it significant that the record disclosed no evidence of any personal or demographic animus between Moore and Burch that would have put reasonable jail officials on notice of a potential altercation between the two, and the paltry evidence presented did not show that Burch presented a substantial risk of engaging in further random attacks based only on the nature of his conviction of a violent crime and past treatment involving restraints. Judge Morris also suggested that the plaintiff did not present any evidence to rebut Guastella's declaration that she was not involved in the decision to relax the restraint requirement from Burch's treatment plan, and Guastella could not be held liable merely for acting or failing to act in a supervisory role. As for defendant Luckett, Judge Morris stated that despite alleging that he was "responsible for monitoring" the common area at the time of the attack, the plaintiff presented no evidence contradicting Luckett's testimony and the video record suggesting what, if any, additional precautions Luckett could have taken to prevent the attack, and it was undisputed that Luckett acted immediately to halt the assault when it occurred. The magistrate judge concluded, therefore, that the plaintiff had not presented sufficient evidence that either of the individual defendants knew about and consciously disregarded a substantial risk to Moore's safety, and that Luckett could not be held liable because, regardless of whether he was indifferent to a substantial risk of harm, he acted immediately and effectively when the attack happened.

Judge Morris recommended that the plaintiff's motion for summary judgment be denied and the defendants' motion for summary judgment be granted. Moore filed timely objections to the report and recommendation.

II.

When a party files timely objections to a report and recommendation, the court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(2), (3) (requiring court review of "any part of the magistrate judge's disposition that has been properly objected to") (emphasis added); *United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This fresh review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

But this review is not plenary. "The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Tchrs. Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

Objections to a magistrate's report and recommendation must be "specific in order to focus the busy district court's attention on only those issues that were dispositive and contentious." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Parties may not raise new claims or theories not raised previously. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (explaining that the Magistrate Judges Act does not permit "parties to raise at the district court stage new arguments or issues that were not presented to the magistrate").

The plaintiff filed nine numbered "objections." However, most of them consist merely of reproduced portions of the magistrate judge's report with asterisks vaguely designating passages to which the plaintiff "objects," unaccompanied by any factual basis or legal argument. By themselves, these objections are insufficient to satisfy the specificity requirements. *Howard*, 932 F.2d at 509. However, the Court discerns viable arguments from the remainder of his presentation.

First, the plaintiff contends that "undisclosed" video surveillance evidence of the common area that the plaintiff apparently believes is possessed by defendants would show that Burch engaged regularly in "disruptive conduct" such as refusing to allow the food slot in his cell to be closed after meals and medication were delivered, and that the unreleased video footage also would show events before and after the attack indicating that an assault was imminent, such as showing that plaintiff Moore was involved in cleaning out a cell to which Burch was to be relocated shortly before the altercation. Second, the plaintiff asserts, without evidentiary support, that "within 90 days" after the incident, both of the individual defendants were "no longer employed with MDOC." Third, the plaintiff asserts — again, with no evidentiary support — that the defendants failed to disclose a "Pod Log Book," which, he says, would reveal (unspecified) occurrences suggesting that an attack by Burch on Moore was foreseeable, presumably based on events memorialized therein. These objections, however, do not carry the day.

In their motion for summary judgment, the defendants identified portions of the record that demonstrate that no material facts are genuinely in dispute, as was their obligation under Federal Rule of Civil Procedure 56(a). *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (citing *Mt. Lebanon Pers. Care Home, Inc. v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002)). The plaintiff then had the obligation to "make an affirmative showing with proper evidence in order to defeat the motion." *Ibid.* (quoting *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989)). That means that the plaintiff had to offer evidence, which the Court considers in the light most favorable to him, that created a genuine issue of material fact on all the elements of his claims. Fed. R Civ. P. 56(a); *Alexander*, 576 F.3d at 557-58.

To prevail on his claim that jail staff failed to protect him from an attack by others in violation of the Eighth Amendment's prohibition against cruel and unusual punishment, the plaintiff "'must show that (1) the deprivation alleged is objectively, sufficiently serious and (2) while engaging in the conduct at issue, [the defendants had a] 'sufficiently culpable state of mind,' one that was 'deliberate[ly] indifferen[t]' to inmate safety." *Buetenmiller v. Macomb Cnty. Jail*, 53 F.4th 939, 943-44 (6th Cir. 2022) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). A jail officer is "deliberately indifferent if he (1) was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, (2) drew the inference, and (3) disregarded the excessive risk to inmate safety by failing to act." *Id.* at 944. "[T]he risk of violent attack by fellow prisoners known to have previously committed serious assaults, absent precautions, can create a substantial risk of serious harm." *Schoonover v. Rogers*, No. 21-3970, 2022 WL 12258998, at *6 (6th Cir. Oct. 21, 2022) (citing *Young v. Campbell County*, 846 F. App'x 314, 321 (6th Cir. 2021); *Richko v. Wayne County*, 819 F.3d 907, 916 (6th Cir. 2016)). However, "[t]o be aware of facts from which the inference could be drawn that a substantial risk of serious harm

exists, a public official must know more than a *general* risk of harm. The official must know of the *specific* risk that later develops." *Jane Doe v. Jackson Loc. Sch. Dist. Bd. of Educ.*, 954 F.3d 925, 933-34 (6th Cir. 2020).

"An officer can be aware of a substantial risk when specific indicia show that an inmate with a history of attacks is likely to be violent again in the near future." *Schoonover*, 2022 WL 12258998, at *6. However, "in situations involving personal characteristics that [make a] prisoner 'particularly vulnerable' [to attack by a fellow inmate,] the plaintiff must show that the officer knew that his placement with another inmate or in a certain cell would lead to a substantial risk of harm." *Ibid.*

The plaintiff has failed to establish that any genuine issue of material fact remains for trial on his Eighth Amendment failure-to-protect claim for four reasons. First, he has not produced any evidence to rebut defendant Guastella's testimony that she played no role in the decision to change Burch's treatment plan to remove the restraint requirement, and it is well settled that she cannot be held liable merely based on her role as a medical unit supervisor.

The statutory basis for Moore's constitutional claim against state prison personnel is 42 U.S.C. § 1983, which is a federal statute that provides a vehicle for individuals to seek redress in court for violations of rights secured by the Constitution and laws of the United States. To state a claim under that section, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the

Constitution." *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (citing *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983)) (holding that the "complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights."). Put another way, "[u]nder § 1983, there is no *respondeat superior* or vicarious liability." *Flagg v. City of Detroit*, 715 F.3d 165, 174 (6th Cir. 2013) (quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 122 (1992)). To state a claim against defendant Guastella under section 1983, the plaintiff must demonstrate that she "'directly participated' in the alleged misconduct, at least by encouraging, implicitly authorizing, approving or knowingly acquiescing in the misconduct, if not carrying it out [herself]." *Ibid.* (citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). The plaintiff has made no such showing here, because he has offered no evidence to rebut Guastella's testimony that she had no involvement in the allegedly incautious decision to alter Burch's treatment plan and remove the restraint requirement. Without evidence of her personal involvement in any alleged wrongs, Guastella cannot be found liable.

Second, the plaintiff has not presented any evidence demonstrating that any specific circumstances known to either of the defendants alerted them to a likelihood that Burch would attack the plaintiff, and the fact that an inmate previously has assaulted other inmates is not enough, standing alone, to establish culpable indifference. *Schoonover*, 2022 WL 12258998, at *7 ("[Alt]hough Schoonover presents some evidence that Corrill was aware that the Sapp assault occurred, he does not muster any evidence that Corrill was aware of the reason for the attack — let alone that the same reason would also prompt Waters to assault Schoonover, with whom Waters had been housed for several days . . . . And, [al]though Poe testified that Waters was a troublesome 'frequent flyer' at the Jail, neither he nor the other officers indicated that they were aware, at the time of the attack, that Waters was particularly violent, let alone that he targeted sex offenders.

On this record, then, there is at most only a 'scintilla of evidence' that Corrill knew that Waters was particularly violent towards sex offenders. That is not enough for a reasonable jury to find that Corrill was aware of the specific risk that Waters posed to inmates like Schoonover.").

Third, the plaintiff has not presented evidence to rebut defendant Luckett's testimony that Moore never complained to him about any risk to his safety, and that he had no reason to believe that Burch would attack Moore. Where it is undisputed that the plaintiff did not "complain directly to [the defendant] about [prior assaults] . . . a finding of deliberate indifference on [his] part [is] exceedingly unlikely." *Buetenmiller*, 53 F.4th at 944 (citing *Bishop v. Hackel*, 636 F.3d 757, 770-71 (6th Cir. 2011) (holding that plaintiffs failed to make out a triable issue of fact as to whether an officer exhibited deliberate indifference in part because the officer who had worked in the jail health unit did not 'hear any complaints or conversations or arguments'")).

Finally, the plaintiff's claim against defendant Luckett also fails because the undisputed record shows that when the attack did occur, Luckett acted immediately and forcefully to halt the assault and prevent further injury to the plaintiff. *See Schoonover*, 2022 WL 12258998, at *5 ("Regarding the failure-to-protect theory, the district court held that Schoonover failed to present a genuine issue as to whether Corrill was aware of a heightened risk of harm needed to establish deliberate indifference because, among other things, no reasonable jury could find that Corrill knew that other inmates knew that Schoonover was a sex offender. The court also held that Schoonover did not identify evidence showing that Corrill learned about and failed to intervene to stop the attack as it was occurring. We conclude that the court properly granted summary judgment to Corrill on both theories.").

The plaintiff asserts several unsupported factual premises in his objections, but those unsubstantiated allegations do not suffice to defeat summary judgment. The plaintiff contends that

other video and documentary evidence would reveal indications that Burch's assault on him was likely to occur. However, even if such evidence exists — and the plaintiff has not presented any proof that it does — it would not aid his case because he has not pointed to any evidence that either of the individual defendants were aware of any information that he believes would be found in the mysterious video and logbook records. Such information, even if it may exist, has no relevant bearing on the assessment of either defendant's culpability so far as the record suggests. The plaintiff's unsubstantiated speculation that a defendant jail officer might have suspected a likelihood of foul play is not enough to establish that the officer knew about and disregarded a specific risk of harm to the plaintiff. *Buetenmiller*, 53 F.4th at 944 ("The best the inmates can do is point to Bills's speculation that Horan was aware of something 'suspicious' going on. Even so, knowledge of something 'suspicious' is not akin to demonstrating awareness of a specific risk of sexual assault.") (citing *Doe v. Jackson Loc. Sch. Dist. Bd. of Educ.*, 954 F.3d at 933-34). The plaintiff also has failed to explain how information about the termination of the individual defendants' employment by MDOC months after the incident occurred could have any conceivable bearing on the question whether at the time of the assault, they knew that the plaintiff was under a substantial risk of harm.

The plaintiff's objections, therefore, will be overruled.

### III.

The plaintiff cannot succeed on his Eighth Amendment claims because he has failed to present sufficient evidence to prove that either individual defendant knew about and deliberately disregarded a substantial risk to his safety. His objections are for the most part unsupported by any discernible factual or legal basis, and the cognizable arguments that he has presented are without merit.

- 12 -

Accordingly, it is **ORDERED** that the report and recommendation (ECF No. 46) is **ADOPTED**, and the plaintiff's objections (ECF No. 47) are **OVERRULED**.

It is further **ORDERED** that the defendants' motion for summary judgment (ECF No. 28) is **GRANTED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment (ECF No. 27) is **DENIED**.

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

                                                s/David M. Lawson
                                                DAVID M. LAWSON
                                                United States District Judge

Dated:  March 19, 2025